Attorneys for Plaintiff
FIT BODY BOOT CAMP, INC.

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF MICHIGAN**

FIT BODY BOOT CAMP INC,

Plaintiff,

v

SHAWN KNASH, an individual,

Defendant.

CASE NO.

**Assigned For All Purposes To:**
**Judge:**
**Magistrate:**

**COMPLAINT FOR:**

1. **Trademark Infringement and Unfair Competition;**
2. **Misappropriation of Trade Secrets;**
3. **Breach of Contract – Operation of Competing Business;**
4. **Breach of Contract – Violation of Post-Term Obligations; and**
5. **Breach of Contract – Unpaid Royalties**

## INTRODUCTION

1. Fit Body Boot Camp, Inc. is the national franchisor of Fit Body Boot Camp® franchises, which offer a variety of fitness services. Defendant is a former franchisee, subject to post-term obligations pursuant to their Franchise Agreement,

who continues to operate a competing business in violation of their non-compete. Defendant continues to the use the Plaintiff's trademarks, business systems, and bargained for location to market and run the competitive business. In addition, Defendant still owes a certain sum of unpaid fees pursuant to the terms of their Franchise Agreement. Fit Body Boot Camp commences this action to protect its valuable trademarks by seeking an injunction that enjoins Defendant from operating the competitive business and using Fit Body Boot Camp's trademarks and its proprietary business system in the operation of their competitive business, as well as to recover unpaid royalties.

**PARTIES**

2. Plaintiff, Fit Body Boot Camp, Inc. ("Plaintiff" or "Fit Body" or "Franchisor"), is a California corporation with its principal place of business located at 5867 Pine Avenue, Chino Hills, California 91709.

3. At all times referred to herein, Fit Body has engaged in business as the national franchisor of Fit Body Boot Camp franchises, which offer fitness, exercise, personal and related services to certain customers in both retail and virtual capacities under the mark "Fit Body Boot Camp."

4. Defendant, Shawn Knash ("Defendant" or "Knash" or "Franchisee"), is an individual, resident and citizen of Michigan with an address of 2508 Hemlock Avenue, Portage, Michigan 49024.

5. Knash operated their Fit Body Boot Camp location at 7067 S.

Westnedge Avenue, Portage, Michigan 49002 (the "Premises" or "Outlet")

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 in that Plaintiffs' claims against Defendant are based upon trademark and trade dress infringement under the Lanham Act, 15 U.S.C. §1051 et seq.

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that Plaintiff's amount in controversy for claims involving breach of contract and trademark infringement against Defendant exceed the sum of the value of $75,000 and is between citizens of different States pursuant to § 28 U.S.C 1332(a).

8. Venue for this action is predicated upon 28 U.S.C. §1391(b) as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred. Defendants reside in Kalamazoo County, Michigan. Moreover, Defendants conduct business regularly in Kalamazoo County, Michigan through the operation of their franchised business.

9. Pursuant to Section 16.13 of the Franchise Agreement, "the laws of the state where the Outlet is located govern this Agreement and all related matters, documents and agreements, without regard to conflicts of laws." The franchised business or Outlet is in Michigan.

**FIT BODY'S TRADEMARKS AND SYSTEM**

10. Fit Body is the licensor of trademarks registered at the United States Patent and Trademark Office on the Principal Register as follows: (the "Marks"):

| REGISTRATION NO. | EFFECTIVE DATE OF REGISTRATION | MARK |
|---|---|---|
| 3852206 | September 28, 2010 | FIT BODY BOOT CAMP |
| 5329068 | November 7, 2017 | FIT BODY BOOT CAMP |

11. Fit Body provides a variety of fitness services, as well as a comprehensive System (herein the "System") that includes the Marks, know-how relating to Fit Body Boot Camp Services and Products, advertising, marking, sales techniques, and training programs.

12. Fit Body and franchisees are licensed to use the Marks to operate under Fit Body's System pursuant to the terms and conditions of the Fit Body Franchise Agreement entered into by each franchisee.

13. Fit Body's franchisees are also licensed to use Fit Body's proprietary business policies, procedures, standards, and specifications for operations, all of which are disclosed to Fit Body franchisees in confidence.

**THE FRANCHISE AGREEMENT**

14. Fit Body and Defendant entered into a Franchise Agreement (the

"Franchise Agreement") for a term of five (5) years from the effective date of September 25, 2015 to September 25, 2020 (the "Term"), pursuant to which Defendant obtained the right and undertook the obligation to operate a franchised Fit Body Boot Camp at 7067 S. Westnedge Avenue, Portage, Michigan 49002 (the "Franchised Business"). A true and correct copy of the Franchise Agreement is attached as Exhibit "A."

15. Pursuant to Section 11.2 of the Franchise Agreement, Defendant has agreed to abide by and comply with a non-competition covenant.

16. In relevant part, the non-compete reads:

> "For a period of one year after termination of this Agreement or its expiration without renewal pursuant to Section 5.2 of this Agreement, you agree that neither you nor any Principal Equity Owner may (either directly or indirectly, for yourself or themselves, or through, on behalf of, or in conjunction with, any person, persons, partnerships, corporation, or other entity) operate, manage, own, assist or hold an interest in (direct or indirect as an employee, officer, director, shareowner, partner or otherwise), or engage in, any compete business selling goods or services equivalent to Fit Body Boot Camp Services and Products or the Franchised Business, within a radius of 25 miles of your Territory or any other authorized retail location selling Fit Body Boot Camp Services and Products, without our express prior written consent. In all events, at all times following termination or expiration of this Agreement, you must refrain from any use, direct or indirect, of any of our proprietary information."

17. Pursuant to Section 15.1 of the Franchise Agreement, Defendant has agreed to abide by and comply with post-term obligations.

18. In relevant part, the post-term obligations reads:

> "In the event of termination, cancellation, or expiration of this

Agreement…you must forthwith discontinue the use or display of the Marks in any manner whatsoever, and you may not thereafter operate or do business under the Marks or any other Fit Body Boot Camp brand or any other name or in any manner that might tend to give the general public the impression that you are in any way associated or affiliates with us, or any of the businesses conducted by us or the owner of the Marks, including without limitation repainting the business premises in a distinctively different color and removing or rearranging distinctive elements of the Fit Body Boot Camp trade dress…" See Exhibit "A" at Section 15.1(a).

19. Additionally, in relevant part, the post-term obligations reads:

"If there is a termination, cancellation or expiration as described in Section 15.1(a) above, you must … also promptly: (i) Remove at your expense all signs erected or used by you and bearing the Marks, or any word or mark indicating that you are associated or affiliated with us; (ii) Erase or obliterate from letterheads, stationery, printed matter, advertising or other forms used by you the Marks and all word indicating that you are associated or affiliated with us; (iii) Permanently discontinue all advertising of yours that states or implies that you are associated or affiliated with us or the System; (iv) If you engage in any business thereafter, you must us trade names, service marks or trademarks that are significantly different from those under which you had done business and must use sign formats that are significantly different in color and type face; and take all necessary steps to ensure that your present and former employees, agents, officers, shareholder, and partners observe the foregoing obligations…" See Exhibit "A" at Section 15.1(b).

20. Pursuant to Section 4.2(a) of the Franchise Agreement, Defendant is required to pay Fit Body a monthly Royalty of $597.00.

21. Pursuant to Section 4.3(a) of the Franchise Agreement, Defendant is required to pay Fit Body a monthly Marketing and Promotion Fund Contribution of $500.00.

22. Pursuant to Section 8.4(a) of the Franchise Agreement, Defendant is

required to pay Fit Body a monthly Software Reimbursement Fee of $300.00. The Royalty, Marketing and Promotion Fee, and Software Reimbursement Fee are collectively referred to herein as the "Royalties."

23. Pursuant to Section 4.7(a) of the Franchise Agreement, any late payment of the Royalties is subject to a late charge of five percent (5%).

24. Pursuant to Section 4.7(b) of the Franchise Agreement, all delinquent Royalties bear interest from the date payment was due at an annual percentage rate of eighteen percent (18%).

25. As of the date of this Complaint, Defendant has failed to pay Royalties of $7,882.00 from January 2022 to August 2022 (the "Statement"), as shown on the Statement indicating past due amounts following the expiration of the term and prior to the termination of the Franchise Agreement. A true and correct copy of the Statement is attached as Exhibit "B."

**DEFENDANT CONTINUED OPERATING AFTER THE FRANCHISE AGREEMENT EXPIRED**

26. Prior to the expiration of the Franchise Agreement and after it did expire, Fit Body attempted to reach out via multiple avenues to Defendant to confirm a renewal of the Franchise Agreement.

27. Defendant continued to operate as a franchisee of Fit Body under the name "Portage Fit Body Boot Camp" well beyond the term of the Franchise Agreement by continuing to run challenges, post on social media, and pay royalties

from September 2020 to January 2022.

28. Defendant never communicated a desire not to renew the Franchise Agreement nor a wish to discontinue operating in the Fit Body business system.

29. Defendant stopped paying royalties to Fit Body in January 2022, more than sixteen (16) months after the expiration of the initial term of the Franchise Agreement.

30. On March 2, 2022, two to three months after delinquent payments began, Fit Body sent Defendant a Notice of Delinquency for unpaid royalties. A true and correct copy of the Notice of Delinquency is attached as Exhibit "C."

31. Defendant ignored the request for unpaid royalties.

32. On July 17, 2022, Fit Body sent Defendant a Notice of Default for unpaid royalties with a thirty (30) day opportunity to cure period. A true and correct copy of the Notice of Default is attached as Exhibit "D."

33. Defendant continued to ignore the request for unpaid royalties.

34. As a result, on August 1, 2022, Fit Body sent Defendant a Notice of Non-Renewal terminating the Franchised Business due to unpaid payments. A true and correct copy of the Notice of Non-Renewal is attached as Exhibit "E."

35. The effective date of the termination was August 1, 2022.

**FRANCHISEE'S OPERATION OF THE COMPETING BUSINESS AND USE OF FIT BODY'S TRADEMARKS IN THE COMPETING BUSINESS**

36. Defendant has continued to operate the Portage Fit Body Boot Camp as a competing business (the "Competing Business") following the termination of the Franchise Agreement on August 1, 2022.

37. The Competing Business operates within the same territory and out of the same Premises that the Defendants operated their Franchised Business, performing the same service offerings, with the same employees, and mostly the same clients or customers.

38. Defendants have maintained an active social media presence and continue to post content as if they were still a Franchised Business on their former Fit Body Facebook Page titled "Portage Fit Body Boot Camp" at facebook.com/Portagefitbodybootcamp/. The social media content is likely to cause confusion among consumers looking for Fit Body because Defendants are using Fit Body's Marks to re-direct consumer to the Competing Business.

39. As indicated by the posts below that demonstrate that the Competing Business is still using Fit Body signage, promotional materials, and other merchandise from the Franchised Business which is a violation of their post-term obligations and blatant trademark infringement:













40. Another example of the Competing Business committing blatant trademark infringement that will likely cause confusion among consumers is their new website at https://portagefitness.com/. The Franchised Business website was deactivated by Fit Body. However, the Competing Business created a website that is nearly identical to their Franchised Business website.

41. As a former Franchised Business whose Franchise Agreement was terminated and website deactivated, their website is likely to cause confusion

among consumers who previously knew them as Fit Body and/or are looking for a Fit Body. As indicated by the homepage below that demonstrate that the Competing Business is still using Fit Body from the Franchised Business in its marketing and promotional materials which is a violation of their post-term obligations and blatant trademark infringement:




42. Defendants still hold themselves out as a formerly franchised Fit Body and continue to utilize the Fit Body Marks and System in their marketing and promotional materials and in conversations with prospective clients or customers, which is in violation of Section 15.1(b) of the Franchise Agreement.

43. On August 16, 2022, Fit Body sent Defendant a Demand to Cease and Desist regarding their failure to comply with their non-competition covenant pursuant to the Franchise Agreement, i.e., continued operation of the Competing Business in connection with their Fit Body Boot Camp. A true and correct copy of the Demand to Cease and Desist is attached as "Exhibit F."

44. Defendant did not respond and remain in operation of the Competing Business in violation of their contractual obligations pursuant to Sections 11.2,

15.1, 4.2(a), 4.3(a), and 8.4(a) of the Franchise Agreement.

45. Plaintiff brings suit to enforce its rights and protect its valuable Marks and System from Defendant's unfair competition, infringement, and material breach of contract.

## COUNT I
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

46. Plaintiff Fit Body incorporates by reference the facts set forth in paragraphs 1 through 45 above as though set forth at length herein.

47. Defendant has utilized and benefitted from the Marks in operation of the Competing Business without authorization from Fit Body.

48. Defendant willfully intended to trade on Fit Body's reputation and cause dilution of the Marks.

49. Defendant is guilty of trademark infringement pursuant to the Lanham Act, 15 U.S.C. §1051, et seq. Defendant's usage of the Marks constitutes a false designation of origin and is likely to cause confusion, mistake or deception as to it being affiliated, connected or associated with Fit Body in violation of 15 U.S.C. §1125(a). Defendant's conduct is also a violation of the common law of unfair competition and is an unfair trade practice under common law.

50. Defendant's continued operation of the Competing Business as set forth above has caused and will cause Fit Body irreparable injury in that customers are being deceived by Defendants as a result of their continued use of the Fit

Body's System and Marks; Fit Body will have difficulty franchising Defendant's trading areas, which includes the area Fit Body exclusively granted to Defendant; business will be diverted from Fit Body's Marks; Fit Body's Marks will be diluted and taken from Fit Body's control; and Fit Body will lose profits and revenues which, because of Defendant's conduct, cannot be readily calculated.

51. Fit Body has no adequate remedy at law because Fit Body cannot be adequately compensated for the deprivation and dilution of the consumer recognition and goodwill built up under the Marks as a result of Defendant's conduct.

52. Fit Body's immediate and irreparable harm will continue unless Defendant is enjoined from continuing to use of the Marks.

WHEREFORE, Plaintiff Fit Body Boot Camp, Inc. demands judgment in its favor and against Defendant Shawn Knash as follows:

a. A preliminary and permanent injunction enjoining Defendant and their agents, employees and any person acting in concert with them from infringing on Plaintiff Fit Body's trademarks in any manner whatsoever not licensed under the Franchise Agreement;
b. An accounting of and judgment for the profits to which Plaintiff Fit Body may be entitled as a result of Defendants' infringement;
c. Treble damages pursuant to 15 U.S.C. § 1117;
d. Punitive Damages;

e. Attorneys' fees and costs of this action pursuant to Section 14.4 of the Franchise Agreement; and

f. Such further relief as this Court deems just and proper.

**COUNT II**
**MISAPPROPRIATION OF TRADE SECRETS**

53. Plaintiff Fit Body incorporates by reference the facts set forth in paragraphs 1 through 45 above as though set forth at length herein.

54. Defendant continues to make use of Fit Body's Marks and System through both their physical and internet presence.

55. It is because of Fit Body's resources spent in educating Defendant in the Fit Body System that Defendant has the trade knowledge to continue operating the Competing Business.

56. Defendant knowingly used and continues to use Fit Body's System and Marks for economic benefit as they have operated and continue operating the Competing Business.

57. Fit Body is injured by Defendant's actions by way of dilution of the Marks and Defendant's continuous use of Fit Body's System.

WHEREFORE, Plaintiff Fit Body Boot Camp, Inc. demands judgment in its favor and against Defendant Shawn Knash as follows:

a. A preliminary and permanent injunction enjoining Defendant and their agents, employees and any person acting in concert with

them from utilizing any trade secrets of Plaintiff Fit Body in any manner whatsoever not licensed under the Franchise Agreement.

b. An accounting of and judgement for the profits to which Plaintiff Fit Body may be entitled as a result of Defendants' misappropriation.

c. Punitive Damages;

d. Attorneys' fees and costs of this action pursuant to Section 14.4 of the Franchise Agreement; and

e. Such further relief as this Court deems just and proper.

**COUNT III**
**BREACH OF CONTRACT - OPERATION OF COMPETING BUSINESS**

58. Plaintiff Fit Body incorporates by reference the facts set forth in paragraphs 1 through 45 above as though set forth at length herein.

59. Defendants are former franchisees, subject to their non-compete provision pursuant to Section 11.2 of the Franchise Agreement. The Franchise Agreement has expired, it was not renewed, or is otherwise ended.

60. Defendants are engaged in the business of operating the Competing Business within the same territory and out of the same location that the franchisee operated the franchised business, performing the same service offerings, with the same employees, and mostly the same clients or customers.

61. The acts, practices, and conduct of Defendants in operating the

Competing Business constitutes a material breach of the Franchise Agreement and constitutes a misuse of confidential information, Marks and Systems.

62. Fit Body has been and will continue to be irreparably harmed by the former franchisees' operation of the Competing Business.

63. Despite Plaintiff's demand to comply with the non-compete, Defendants continue to operate the Competing Business.

WHEREFORE, Plaintiff Fit Body Boot Camp, Inc. demands judgment in its favor and against Defendant Shawn Knash as follows:

a. A preliminary and permanent injunction enjoining Defendants and any Principal Equity Owners (either directly or indirectly, for yourself of themselves, or through, on behalf of, or in conjunction with, any person, person partnership, corporation, or other entity) for a period of one year after the date of compliance with the court order form operating, managing, owning, assisting, or holding an interest (directly or indirectly as an employee, officer, director, shareowner, partner, or otherwise), or engaging in, any competing business selling goods or services equivalent to Fit Body within a radius of 25 Miles of the Franchisee Territory or any other authorized retail location selling Fit Body Services and Products;

b. Attorneys' fees and costs of this action pursuant to Section 14.4 of the Franchise Agreement; and

c. Such relief as this Court deems just and proper.

**COUNT IV**
**BREACH OF CONTRACT – POST-TERM OBLIGATIONS**

64. Plaintiff Fit Body incorporates by reference the facts set forth in paragraphs 1 through 45 above as though set forth at length herein.

65. Defendant is a former franchisee, subject to post-term obligations pursuant to Section 15.1 of the Franchise Agreement. The Franchise Agreement has expired, it was not renewed, and is otherwise ended.

66. Defendant has failed to comply with several of their post-term obligations pursuant to Section 15.1 of the Franchise Agreement, despite requests for compliance.

67. Defendants are still holding themselves out as having been Fit Body, in violation of Section 15.1(b)(iii) of the Franchise Agreement.

68. The acts, practices and conduct of Defendant in operating the Competing Business constitute a material breach of the Franchise Agreement and constitute a misuse of the Marks, confidential information and System.

69. Fit Body has been and will continue to be irreparably harmed by the former franchisees continued used of trade names, service marks, or trademarks that are identical in marketing and promotional materials and indicates that the Competing Business is associated or affiliated with Fit Body.

70. Despite Plaintiff's demand to comply with post-term obligations,

Defendant has refused to do so.

71. WHEREFORE, Plaintiff Fit Body Boot Camp, Inc. demands judgment in its favor and against Defendant Shawn Knash as follows:

a. A preliminary and permanent injunction enjoining Defendants and any Principal Equity Owners (either directly or indirectly, for yourself of themselves, or through, on behalf of, or in conjunction with, any person, person partnership, corporation, or other entity) to stop holding themselves out as former Fit Body franchisees in their marketing and promotional materials and change the trade names, service marks, or trademarks that are significantly similar to Fit Body.

b. Attorneys' fees and costs of this action pursuant to Section 14.4 of the Franchise Agreement; and

c. Such relief as this Court deems just and proper.

**COUNT V**
**BREACH OF CONTRACT – UNPAID ROYALTIES**

72. Fit Body incorporates by reference the facts set forth in paragraphs 1 through 45 above as though set forth at length herein.

73. Defendant failed to pay Fit Body Royalties in the amount of $7,882.00.

74. As a direct and proximate result of the Defendant's breach of the

Franchise Agreement, Fit Body has been damaged as a result of Defendant's failure to pay Royalties in the amount of $7,882.00 and late fees in the amount of $ 394.10.

75. WHEREFORE, Plaintiff Fit Body Boot Camp, Inc. demands judgment in its favor and against Defendant Shawn Knash as follows:

a. Damages in the amount of $8,276.10 together with pre-judgment and post-judgment interest;

b. Attorneys' fees and other costs incurred in bringing this action;

c. Such further relief as this Court deems just and proper.

Respectfully submitted,

Kreis, Enderle, Hudgins & Borsos, PC

Dated: August 3, 2023

By: */s/ Courtney E.S. Fisk*

Courtney E.S. Fisk (P68475)
Attorneys for Plaintiff Fit Body Boot Camp, Inc.
333 Bridge Street NW, Suite 900
Grand Rapids, MI 49504
(616) 258-7000
cfisk@kreisenderle.com